**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**KESHA HARRIS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-486-JHM**

**DEPARTMENT OF EDUCATION U.S., *et al.*** **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on an initial review of Plaintiff Kesha Harris's *pro se*, *in forma pauperis* complaint and amended complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss Plaintiff's claims for lack of subject matter jurisdiction.

### I.

Plaintiff moves to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). [DN 7]. Rule 15(a) of the Federal Rules of Civil Procedure authorizes a party to amend her pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Because Plaintiff filed the amended complaint prior to any responsive pleadings being filed, no motion to amend is necessary.

As such, **IT IS ORDERED** that the motion to amend [DN 7] is **DENIED as moot**. **The Clerk of Court is DIRECTED to add the Indianapolis Public Schools and the Jefferson County Public Schools as Defendants in this case.** The Court will consider this amended complaint, along with the original complaint, in conducting the initial review.

## II.

Plaintiff, a resident of Louisville, Kentucky, sues the United States Department of Education; Nicole Foma, a principal in the Indianapolis Public Schools; the Indianapolis Public Schools in Indianapolis, Indiana; and the Jefferson County Public Schools in Louisville, Kentucky.[1] Plaintiff identifies the basis for jurisdiction as diversity jurisdiction citing 28 U.S.C. § 1332. [DN 1, DN 8].

Plaintiff alleges that in 2016 or 2017, she was given biased information intentionally by Defendant Foma after Plaintiff requested a "due process [hearing] that never happened." Plaintiff asserts that Defendant Foma failed to report abuse of Plaintiff's child, which Plaintiff describes as being wrongfully disciplined and isolated. Plaintiff further alleges that Defendant Foma failed to report withholding Plaintiff's child's I.E.P. for two semesters which Plaintiff alleges caused life-long damages. Plaintiff also states that the Indianapolis Public Schools failed to respond to a tort claim she made in November 2021. Additionally, Plaintiff claims that all the Defendants have retaliated against her. As relief, Plaintiff seeks money damages.

## III.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff has filed at least three other cases asserting the same or similar claims as asserted here. *See Hudson-Harris v. Bd. of Sch. Commr's*, No. 1:16-CV-245-TWP (S.D. Ind.); *Hudson-Harris v. Indianapolis Pub. Sch.*, 1:17-CV-1173-WTL (S.D. Ind.); *Hudson-Harris v. Jefferson Cnty. Pub. Sch.,* No. 3:24-CV-530-RGJ (W.D. Ky.).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**IV.**

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548–49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff lists diversity of citizenship as her basis for federal court jurisdiction. For a federal court to have diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity—which means that plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, there is not complete diversity of citizenship since the complaint reflects that Plaintiff and Jefferson County Public Schools are citizens of Kentucky. Additionally, Plaintiff fails to allege facts supporting that the amount in

controversy exceeds $75,000. Even construed liberally, the amended complaint contains no facts whatsoever to support the requisite $75,000 amount in controversy. *See Alexander v. Southside Auto Sales II*, No. 3:22-CV-244-CHB, 2022 WL 6755866, at *2 (W.D. Ky. Oct. 11, 2022) (plaintiff "does not allege facts to support an amount in controversy over $75,000"); *Tiger v. Pynkala*, No. 14-CV-2312-JDT, 2014 WL 5502405, *14 n.11 (W.D. Tenn. Oct. 30, 2014) (finding that plaintiff failed to meet her burden of pleading diversity jurisdiction where she failed to "present clear allegations" that the amount in controversy exceeded $75,000). Therefore, Plaintiff has failed to satisfy diversity jurisdiction.

**V.**

Accordingly, Plaintiff has failed to establish that the Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date: November 25, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014